UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES P. PAGE

        Plaintiff,

v.

                                  Case No. 15-cv-10575
                                  HON. GERSHWIN A. DRAIN
CITY OF WYANDOTTE,
MAYOR AND CITY COUNCIL OF
THE CITY OF WYANDOTTE,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION [#17]

**I.    INTRODUCTION**

On January 15, 2015, Plaintiff James Page filed the instant Complaint in Wayne County Circuit Court. In the Complaint, Plaintiff alleges that Defendants unlawfully collect franchise fees from consumers of the City's cable and water services in violation of both state and federal law. Plaintiff brought this suit as a class action.

On February 13, 2015, Defendants, the City of Wyandotte and the Mayor and City Council of the City of Wyandotte (collectivity the "City of Wyandotte" or "the City"), filed a Notice of Removal. ECF No. 1. In the Notice of Removal, the City cited to the federal Constitutional claims listed on the face of Plaintiff's Complaint as grounds for proper removal. ECF No. 1, at ¶ 3. Consequently, on March 16, 2015, Plaintiff filed a motion to remand the action to state court. ECF No. 10.

On May 12, 2015, the Court entered an Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion to Remand Case.  ECF No. 14.  The Court, however, retained jurisdiction over the federal Constitutional claims.  ECF No. 14.

Presently before the Court is Plaintiff's Motion for Reconsideration, filed on May 26, 2015.  Plaintiff contends that the Court erred when it remained silent on the determination of the jurisdiction of four of the five state constitutional claims.[1]  Plaintiff now asks the Court to clarify whether those claims will remain under the jurisdiction of this Court, or if they will be remanded to state court.

In addition, Plaintiff requests that the Court reconsider its retention of his federal Constitutional claims, putting forth several suggestions on how the Court should proceed with the action.  In particular, Plaintiff requests that the Court abstain from exercising its jurisdiction, or suggests staying federal proceedings until the state proceedings are complete.  In the alternative, Plaintiff also moves for certification of interlocutory appeal and to stay the case pending appeal.

For the reasons that follow, the Court will grant Plaintiff's motion to remand all *five* of the state constitutional claims to state court in addition to Plaintiff's other state claims.  The Court, however, will deny Plaintiff's request to reconsider remanding the federal Constitutional claims to state court.  The Court also denies Plaintiff's alternative request for interlocutory review and to stay the case.

---

[1] These state constitutional claims include: (1) unlawful exaction and taking without just compensation; (2) denial of substantive due process; (3) denial of access to the courts; and (4) denial of procedural due process under Section 17 of the Michigan constitution.

## II. DISCUSSION

Motions for Reconsideration are governed by Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan. Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D.Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F.Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F.Supp. 2d 661, 668 (E.D. Mich. 2001)).

In the present motion, Plaintiff puts forth several options on how the Court should proceed with the present action. Plaintiff, however, fails to indicate a "palpable defect" for which the Court should reconsider the action that it has already taken.

In his Motion to Remand [#10], Plaintiff argued that the Tax Injunction Act ("the TIA"), 28 U.S.C. § 1341, and principles of comity supported his assertion that the matter belonged in state court. Plaintiff again contends that the TIA and principles of comity should govern the matter at-hand. Yet, in its Opinion and Order remanding all state claims, the Court determined that neither the TIA nor principles of comity required the Court to remand Plaintiff's federal Constitutional claims. *See* ECF No. 14. The Court therefore does not reconsider its decision to remand only the state causes of action on the grounds that Plaintiff asks the Court to review the same legal issues already presented to, considered, and ruled upon by this Court. *See Johnson v.*

3

*Woods*, 2013 U.S. Dist. LEXIS 19051, at *3 (citing *Pettigrew v. Rapelje*, No. 8-12530-BC, 2008 U.S. Dist. LEXIS 68709 WL 4186271, at *1 (E.D. Mich. Sept. 10, 2008)).

Likewise, the Court declines to grant certification of an interlocutory order for appeal in order to determine whether the state court should have jurisdiction over the federal claims. Title 28, Section 1292(b) of the United States Code provides that a "district [court] judge may certify an interlocutory order for appeal." *Vitrols v. Citizens Banking Co.*, 984 F.2d 168, 169 (6th Cir. 1993). Yet while this motion is the first time that Plaintiff has presented this particular issue for consideration, it too is inappropriate for review for reconsideration purposes. The purpose of a motion for reconsideration is to identify "palpable defects," or otherwise to identify where the Court has made an obvious, clear, or manifest mistake. *See Lockett*, 328 F.Supp. 2d at 684 (quoting *Cican*, 156 F.Supp. 2d at 668). Plaintiff's present request to certify an interlocutory order for appeal and to stay the case is therefore beyond the scope of what the Court may consider when reviewing this motion for reconsideration.

Finally, the Court clarifies its intention to remand all five of Plaintiff's state constitutional claims to state court in addition to Plaintiff's state claims, such as illegal transfer of funds, breach of contract and fiduciary duty, and any other equitable claims. For this reason, the Court will grant, in part, Plaintiff's motion. The Court, however, will deny Plaintiff's request to reconsider remanding the federal Constitutional claims to state court for the reasons stated above in light of this determination; Plaintiff has failed to identify a "palpable defect" for which the Court may grant his motion for reconsideration concerning the federal Constitutional claims.

### III.   CONCLUSION

For the reasons stated, Plaintiff's Motion for Reconsideration [#17] is **DENIED IN PART** and **GRANTED IN PART**.

**SO ORDERED.**

Dated:  June 10, 2015

/s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge